**In re SOL DUCHOVNAY & SONS, INC.**

No. 71-111.

United States District Court, E. D. Pennsylvania.

June 18, 1974.

Sigmund H. Steinberg, Philadelphia, Pa., for plaintiff.

Meyer E. Maurer, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

This is an appeal by Granite Equipment Leasing Corporation from a decision of the bankruptcy Judge disallowing the bulk of its claim against Sol Duchovnay & Sons, Inc., a bankrupt. Granite claimed below for the rentals due from three leases with the bankrupt, the fair market value of the leased equipment, and attorney fees. Of these three items, the bankruptcy Judge allowed only the recovery of rentals due as of the date the leased machinery was sold at the bankrupt's landlord's distraint sale. (The bankruptcy Judge did allow the claimant a percentage of this amount as attorney fees). For the reasons stated below, we find that Granite is entitled to claim for the full rentals due on each lease and not just those due at the time of the landlord's sale.

According to the bankruptcy Judge, claimant was barred by laches from asserting the disallowed amounts. It was established that upon default of payment by the lessee, Granite had the right to enter lessee's premises and remove the leased equipment, but that Granite chose not to do so when informed that lessee had made an assignment for the benefit of its creditors. Judge Goldhaber (the bankruptcy Judge) found that in November or December, 1970, Granite's representatives inquired of the assignee concerning the status of their machinery, whereupon the assignee told them to "come and take it." Granite, knowing that Duchovnay was on the verge of bankruptcy and that the assignee had no intention of continuing payments on the lease, nevertheless did nothing. On January 6, 1971, Sol Duchovnay's landlord distrained on the leased machinery, and the machinery was sold on February 8, 1971. On the same day as the sale, but subsequent to it, the assignee filed a petition in bankruptcy.

Granite's claim below consisted of the following items:

| | | | |
|---|---|---|---|
| I. | (a) | Rentals due beginning September 10, 1970, at the rate of $678.67 per month, for the balance of the term of said lease, i.e., for 42 months | $28,504.14 |
| | (b) | Rentals due beginning September 23, 1970, at the rate of $375.96 per month, for the balance of the term of said lease, i.e., for 44 months | 16,542.24 |
| | (c) | Rentals due beginning May 13, 1970, at the rate of $118.30 per month, for the balance of the term of said lease, i.e., for 47 months | 5,560.10 |
| | | Total rentals claimed | $50,606.48 |
| II. | | The fair market value of the leased equipment | 25,000.00 |
| III. | | Counsel fees | 10,000.00 |
| | | Total Claim | $85,606.48 |

The bankruptcy Judge made the following allotment:

| | | | |
|---|---|---|---|
| | (a) | On the equipment covered by the lease dated December 20, 1968, which began March 10, 1969, on which the bankrupt made 18 payments, there is owed for the 6 months between September 10, 1970, and February 8, 1971, at the rate of $678.67 per month (including use tax) | 4,072.02 |
| | (b) | On the equipment covered by the lease dated April 29, 1969, which began May 23, 1969, on which the bankrupt made 16 payments, there is owed for the 6 months between September 10, 1970, and February 8, 1971, at the rate of $375.96 per month (including use tax) | 2,255.76 |
| | (c) | On the equipment covered by the second lease dated April 29, 1969, which began May 13, 1969, on which the bankrupt made 13 payments, there is owed for the 10 months between May 13, 1970, and February 8, 1971, at the rate of $118.30 per month (including use tax) | 1,183.00 |
| | | Total rentals due to date of bankruptcy | $7,510.78 |
| | (d) | Counsel fees | $1,500.00 |
| | | | $9,010.78 |

It is not disputed by either party that Granite had the right to enter Duchovnay's premises and repossess its machinery upon Duchovnay's default, and it is undisputed that Duchovnay was in default by November or December, 1970, if not earlier. It is this right which the bankruptcy Judge found Granite sat on to its detriment. But Granite had no obligation under its leases to enter and repossess; its right to sue Duchovnay for the rentals due on the balance of the lease terms was not conditioned on a repossession of the machinery, prompt or otherwise. It is true that had Granite repossessed the machinery, it would have had to apply the proceeds of any sale towards the rent deficiency, but the duty of mitigation does not give rise to a duty to repossess.

While we agree with the bankruptcy Judge that Granite's inaction should bar it from recovering the fair market value of its machinery,[1] we do not feel that Granite should be barred from presenting its claim for the rentals due and owing for the full terms of its leases with the bankrupt. Therefore, we will allow a claim of $60,727.78, representing the full rentals claimed plus 20% in attorney fees.

---

1. Even if we did not find that laches barred the recovery of the fair market value of the machiney, Granite could not recover both the rents for the entire lives of the leases *and* the value of the machinery during the lease periods.